Court of Appeal Case No. 26-3513

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE DOE DEFENDANTS,

*Petitioners and Movant-Defendants*,

v.

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

*Respondent*,

TED ENTERTAINMENT, INC.,

*Real Party in Interest and Respondent-Plaintiff.*

On Petition for Writ of Mandamus to the United States District Court
for the Northern District of California
Case No. 3:25-mc-80296-SK
Hon. Sallie Kim

## CONSENT MOTION TO TRANSMIT PHYSICAL EXHIBITS;
## DECLARATION OF ROM BAR-NISSIM

ROM BAR-NISSIM (SBN 293356)
ROM@HEAHBARNISSIM.COM
Heah Bar-Nissim LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

**Attorneys for Real Party in Interest
Ted Entertainment, Inc.**

1

Pursuant to Ninth Circuit Rule 27-14, Real Party in Interest and Plaintiff-Respondent Ted Entertainment, Inc. ("TEI") hereby submits this Motion to Transmit Physical Exhibits (the "Motion") for the reasons set forth below. Petitioners and Defendants-Movants Does (collectively, "Petitioners") consent to the submission of exhibits identified in this Motion.

This appeal concerns a petition for writ of mandamus (the "Petition") filed by Petitioners. It is an appeal from the district court's April 29, 2026 order denying Petitioners' motion to quash (the "Order"). Petitioners attempted to quash TEI's subpoenas to Reddit, Inc. and Discord, Inc. seeking Petitioners' personal identifying information (the "Subpoenas"). The purpose of the Subpoenas is to identify and serve Petitioners with TEI's complaint alleging claims of contributory copyright infringement against them. Declaration of Rom Bar-Nissim ("RBN Decl."), ¶ 2.

Central to the Petition is Petitioners' assertion that they and co-defendant Alexandra Marwa Saber p/k/a Denims ("Denims") made a fair use of TEI's copyrighted works entitled: (1) *The H3 Show #104 – Countdown to Doomsday* (the "Countdown Episode"); and (2) *Content Nuke: Hasan Piker* ("*The Nuke*") (collectively, the "Works").

Petitioners did not submit the Works with their Petition. RBN Decl., ¶ 3.

Whether this Court must decide the issue of fair use shall be addressed in TEI's forthcoming Answering Brief. Out of an abundance of caution, TEI seeks to submit video files of the Works and Denims' January 31, 2025 broadcast of the Works ("Denims' Broadcast"). The video files of the Works and Denims' Broadcast were submitted: (1) into evidence in the miscellaneous action that issued the Order entitled *In re Subpoenas to Reddit, Inc. and Discord, Inc.* (N.D. Cal. Case No. 3:25-mc-80296-SK) (the "Quash Action"); and (2) to the court as exhibits to the complaint in the underlying action entitled *Ted Entertainment, Inc. v. Saber et al.* (C.D. Cal. Case No. 2:25-cv-05564-WLH-PD) (the "Underlying Action"). RBN Decl., ¶ 4.

Specifically, TEI requests leave to submit the following audiovisual exhibits for the reasons set forth below:

**Exhibit D**: Exhibit D is an audiovisual file of the deposit copy of *The Nuke*. It was submitted as Exhibit D to the Complaint in the Underlying Action. It was submitted into evidence by Petitioners in the Quash Action as part of their motion to quash. As discussed with

respect to Exhibit E below, there are slight differences between the deposit copy of *The Nuke* and the broadcast copy of *The Nuke*. Regardless, in the event the Court believes it necessary to conduct a fair use analysis regarding whether Petitioners and/or Denims made a fair use of *The Nuke*, Exhibit D may be necessary to conduct that analysis. RBN Decl., ¶ 5.

**Exhibit E**: Exhibit E is an audiovisual file of the broadcast copy of *The Nuke*. It was submitted as Exhibit E to the Complaint in the Underlying Action. It was submitted into evidence by Petitioners in the Quash Action as part of their motion to quash. As noted with Exhibit D, there are slight variations between the deposit copy and broadcast copy of *The Nuke*. Specifically, those differences are: (1) Exhibit E blurred out footage of Ansar Allah a/k/a the Houthis entering the bridge of the *Galaxy Leader*, which is not blurred in Exhibit D; (2) blacking out the footage of Hamas releasing Israeli hostages from November 2023, which is not blacked out in Exhibit D; and (3) various minor visual edits. Whether it be Exhibit D or Exhibit E, a copy of *The Nuke* is required if this Court finds it necessary to conduct a fair use analysis of whether Petitioners and/or Denims made a fair use of *The Nuke*. RBN Decl., ¶ 6.

**Exhibit F:** Exhibit F is an audiovisual file of the deposit and broadcast copy of the Countdown Episode. It was submitted as Exhibit F to the Complaint in the Underlying Action. It was submitted into evidence by Petitioners in the Quash Action as part of their motion to quash. If the Court deems it necessary to conduct an analysis of whether Denims and/or Petitioners made a fair use of the Countdown Episode, a copy of the Countdown Episode is necessary. RBN Decl., ¶ 7.

**Exhibit J:** Exhibit J is an audiovisual file of Part 1 of the Denims' Broadcast. It was submitted as Exhibit J to the Complaint in the Underlying Action. It was submitted into evidence by Petitioners in the Quash Action as part of their motion to quash. While Part 1 of the Denims' Broadcast does not contain Denims' use of the Works, there are statements made by Denims and her viewers in Part 1 of the Denims' Broadcast that would be relevant if the Court finds it necessary to determine whether Denims made a fair use of the Works. RBN Decl., ¶ 8.

**Corrected Exhibit K:** The Corrected Exhibit K (hereinafter, "Exhibit K") is an audiovisual file of Part 2 of the Denims' Broadcast and contains her use of both Works at issue in this case. TEI

4

erroneously submitted a different audiovisual file as an exhibit to the Complaint in the Underlying Action. This erroneous audiovisual file was also submitted into evidence by Petitioners in the Quash Action as part of their motion to quash. Upon discovering the issue, TEI and Denims filed a joint stipulation for TEI to submit the corrected Exhibit K on April 2, 2026 and TEI filed it with the Court the same day. During the hearing for Petitioners' motion to quash, TEI alerted the Court as to the erroneous filing and requested leave to file the corrected Exhibit K. The same day the Court ordered TEI to file the corrected Exhibit K – which it did. If the Court finds it necessary to conduct a fair use analysis, it will require Exhibit K to evaluate Denim's use of both Works at issue in this case. RBN Decl., ¶ 9.

On July 20, 2026, TEI's counsel contacted Petitioners' counsel to determine if Petitioners would consent to the motion's request to file Exhibits D-F and Exhibits J-K. Shortly after making the request, Petitioner's counsel responded and provided consent to the motion's request to file Exhibits D-F and Exhibits J-K. RBN Decl., ¶ 10, Ex. 1.

Therefore, for the reasons set forth herein, TEI respectfully requests that this Court grant the Motion for TEI to submit Exhibits D-F and Exhibits J-K.

5

DATED: July 21, 2026        **Heah Bar-Nissim LLP**

By:   */s/ Rom Bar-Nissim*
        Rom Bar-Nissim
        Attorneys for Plaintiff and
        Respondent Ted Entertainment,
        Inc.

1

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure ("FRAP") 27(d) and Ninth Circuit Rule ("9th Cir. Rule") 27-1(1)(d), counsel certifies that this consent motion to transmit physical exhibits contains 1036 words and is less than 20 pages, excluding the items exempted by FRAP Rule 27(a)(2)(B) and 9th Cir. Rule 27-1(1)(d).

This Motion complies with the formatting, typeface and type styles requirements of FRAP Rules 27(d)(1)(D-E) and 32(a)(5-6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Times New Roman 14-point font that is double-spaced.

DATED: July 21, 2026                    By: /s/ Rom Bar-Nissim

## <u>DECLARATION OF ROM BAR-NISSIM</u>

I, Rom Bar-Nissim, do hereby state and declare as follows:

1.      I am an attorney at law, duly licensed to practice law in the State of California. I am partner at the law firm of Heah Bar-Nissim LLP and attorney of record for Real Party in Interest and Plaintiff-Respondent Ted Entertainment, Inc. ("TEI") in the above-referenced matter. I have personal knowledge of the facts contained in this declaration and, if called and sworn as a witness, I could and would competently testify thereto. I make this declaration in support of TEI's Consent Motion to Transmit Physical Exhibits (the "Motion").

2.      This appeal concerns a petition for writ of mandamus (the "Petition") filed by Petitioners and Defendants-Movants Does (collectively, "Petitioners"). It is an appeal from the district court's April 29, 2026 order denying Petitioners' motion to quash (the "Order"). Petitioners attempted to quash TEI's subpoenas to Reddit, Inc. and Discord, Inc. seeking Petitioners' personal identifying information (the "Subpoenas"). The purpose of the Subpoenas is to identify and serve Petitioners with TEI's complaint alleging claims of contributory copyright infringement against them.

1

3.      Central to the Petition is Petitioners' assertion that they and co-defendant Alexandra Marwa Saber p/k/a Denims ("Denims") made a fair use of TEI's copyrighted works entitled: (1) *The H3 Show #104 – Countdown to Doomsday* (the "Countdown Episode"); and (2) *Content Nuke: Hasan Piker* ("*The Nuke*") (collectively, the "Works"). Petitioners did not submit the Works with their Petition.

4.      Whether this Court must decide the issue of fair use shall be addressed in TEI's forthcoming Answering Brief. Out of an abundance of caution, TEI seeks to submit video files of the Works and Denims' January 31, 2025 broadcast of the Works ("Denims' Broadcast"). The video files of the Works and Denims' Broadcast were submitted: (1) into evidence in the miscellaneous action that issued the Order entitled *In re Subpoenas to Reddit, Inc. and Discord, Inc.* (N.D. Cal. Case No. 3:25-mc-80296-SK) (the "Quash Action"); and (2) to the court as exhibits to the complaint in the underlying action entitled *Ted Entertainment, Inc. v. Saber et al.* (C.D. Cal. Case No. 2:25-cv-05564-WLH-PD) (the "Underlying Action").

5.      Exhibit D is an audiovisual file of the deposit copy of *The Nuke*. It was submitted as Exhibit D to the Complaint in the Underlying Action. It was submitted into evidence by Petitioners in

the Quash Action as part of their motion to quash. As discussed with respect to Exhibit E below, there are slight differences between the deposit copy of *The Nuke* and the broadcast copy of *The Nuke*. Regardless, in the event the Court believes it necessary to conduct a fair use analysis regarding whether Petitioners and/or Denims made a fair use of *The Nuke*, Exhibit D may be necessary to conduct that analysis.

6. Exhibit E is an audiovisual file of the broadcast copy of *The Nuke*. It was submitted as Exhibit E to the Complaint in the Underlying Action. It was submitted into evidence by Petitioners in the Quash Action as part of their motion to quash. As noted with Exhibit D, there are slight variations between the deposit copy and broadcast copy of *The Nuke*. Specifically, those differences are: (1) Exhibit E blurred out footage of the Ansar Allah a/k/a the Houthis entering the bridge of the *Galaxy Leader*, which is not blurred in Exhibit D; (2) Exhibit E blacked out the footage of Hamas releasing Israeli hostages from November 2023, which is not blacked out in Exhibit D; and (3) various minor visual edits. Whether it be Exhibit D or Exhibit E, a copy of *The Nuke* is required if this Court finds it

3

necessary to conduct a fair use analysis of whether Petitioners and/or Denims made a fair use of *The Nuke*.

7.      Exhibit F is an audiovisual file of the deposit and broadcast copy of the Countdown Episode. It was submitted as Exhibit F to the Complaint in the Underlying Action. It was submitted into evidence by Petitioners in the Quash Action as part of their motion to quash. If the Court deems it necessary to conduct an analysis of whether Denims and/or Petitioners made a fair use of the Countdown Episode, a copy of the Countdown Episode is necessary to conduct that analysis.

8.      Exhibit J is an audiovisual file of Part 1 of the Denims' Broadcast. It was submitted as Exhibit J to the Complaint in the Underlying Action. It was submitted into evidence by Petitioners in the Quash Action as part of their motion to quash. While Part 1 of the Denims' Broadcast does not contain Denims' use of the Works, there are statements made by Denims and her viewers in Part 1 of the Denims' Broadcast that would be relevant if the Court finds it necessary to determine whether Denims made a fair use of the Works.

9.      The Corrected Exhibit K (hereinafter, "Exhibit K") is an audiovisual file of Part 2 of the Denims' Broadcast and contains her

4

use of both Works at issue in this case. TEI erroneously submitted a different audiovisual file as an exhibit to the Complaint in the Underlying Action. This erroneous audiovisual file was also submitted into evidence by Petitioners in the Quash Action as part of their motion to quash. Upon discovering the issue, TEI and Denims filed a joint stipulation for TEI to submit the corrected Exhibit K on April 2, 2026. TEI filed the corrected Exhibit K with the Court the same day. During the hearing for Petitioners' motion to quash, TEI alerted the Court as to the erroneous filing and requested leave to file the corrected Exhibit K. The same day the Court ordered TEI to file the corrected Exhibit K – which it did. If the Court finds it necessary to conduct a fair use analysis, it will require Exhibit K to evaluate Denim's use of both Works at issue in this case.

10. On July 20, 2026, TEI's counsel contacted Petitioners' counsel to determine if Petitioners would consent to the motion's request to file Exhibits D-F and Exhibits J-K. Shortly after making the request, Petitioner's counsel responded and provided consent. That same day, TEI's counsel provided Petitioners' counsel a copy of the motion for review. On July 21, 2026, Petitioners' counsel approved the motion. A true and correct copy of counsel's correspondence is

attached hereto and incorporated herein as **Exhibit 1.**

I declare under penalty of perjury that the contents of this declaration is true and correct. Executed this 21st day of July, 2026 in Los Angeles, California.

/s/Rom Bar-Nissim

# EXHIBIT 1

 Outlook

---

## Re: TEI v Does: Motion to Transmit Physical Exhibits

---

**From** Rom Bar-Nissim <rom@heahbarnissim.com>

**Date** Tue 7/21/2026 10:49 AM

**To** Leah Vulic <Leah@kr.law>; Jeff Rosenfeld <Jeff@kr.law>

Thanks, Leah.

## Rom Bar-Nissim
Partner

**P:** +1 (310) 432-2836

**E:** Rom@HeahBarNissim.com

1801 Century Park E #2400 Los Angeles CA 90067

HeahBarNissim.com



---

**From:** Leah Vulic <Leah@kr.law>

**Sent:** Tuesday, July 21, 2026 9:37 AM

**To:** Rom Bar-Nissim <rom@heahbarnissim.com>; Jeff Rosenfeld <Jeff@kr.law>

**Subject:** RE: TEI v Does: Motion to Transmit Physical Exhibits

Hi Rom,

Thank you.

This is fine.

Thanks,
Leah

---

**From:** Rom Bar-Nissim <rom@heahbarnissim.com>

**Sent:** Monday, July 20, 2026 3:31 PM

**To:** Leah Vulic <Leah@kr.law>; Jeff Rosenfeld <Jeff@kr.law>

**Subject:** Re: TEI v Does: Motion to Transmit Physical Exhibits

Leah:

Completely understand. Good luck with your filing.

## Rom Bar-Nissim
Partner

**P:**  +1 (310) 432-2836
**E:**  Rom@HeahBarNissim.com

1801 Century Park E #2400 Los Angeles CA 90067

HeahBarNissim.com



---

**From:** Leah Vulic <Leah@kr.law>
**Sent:** Monday, 20 July 2026 15:29:26
**To:** Rom Bar-Nissim <rom@heahbarnissim.com>; Jeff Rosenfeld <Jeff@kr.law>
**Subject:** RE: TEI v Does: Motion to Transmit Physical Exhibits

Hi Rom,

Yes, I would like to review, but I'm tied up with a filing at this moment. I will get back to you as soon as I can.

Thanks,
Leah

---

**From:** Rom Bar-Nissim <rom@heahbarnissim.com>
**Sent:** Monday, July 20, 2026 2:12 PM
**To:** Leah Vulic <Leah@kr.law>; Jeff Rosenfeld <Jeff@kr.law>
**Subject:** Re: TEI v Does: Motion to Transmit Physical Exhibits

Leah:

Would you like to review the motion before I file? If so, I'm attaching it for your review.

I have tried to keep the language of the motion as neutral as possible to avoid any controversy or issue.

Thanks,

**Rom Bar-Nissim**
Partner

**P:**  +1 (310) 432-2836
**E:**  Rom@HeahBarNissim.com
1801 Century Park E #2400 Los Angeles CA 90067

HeahBarNissim.com

---

**From:** Rom Bar-Nissim <rom@heahbarnissim.com>
**Sent:** Monday, July 20, 2026 1:11 PM
**To:** Leah Vulic <Leah@kr.law>; Jeff Rosenfeld <Jeff@kr.law>
**Subject:** Re: TEI v Does: Motion to Transmit Physical Exhibits

Hi Leah:

My apologies for not being clear. You are correct: we wish to submit the corrected exhibit K in the mandamus appeal. I appreciate your consent to the motion.

## Rom Bar-Nissim
Partner

**P:** +1 (310) 432-2836
**E:** Rom@HeahBarNissim.com
1801 Century Park E #2400 Los Angeles CA 90067

HeahBarNissim.com



---

**From:** Leah Vulic <Leah@kr.law>
**Sent:** Monday, July 20, 2026 1:08 PM
**To:** Rom Bar-Nissim <rom@heahbarnissim.com>; Jeff Rosenfeld <Jeff@kr.law>
**Subject:** RE: TEI v Does: Motion to Transmit Physical Exhibits

Hi Rom,

I hope you had a nice weekend also.

For clarity, do you mean Corrected Exhibit K? And is this for the mandamus action?

We will consent, just want to clarify.

Very best,
Leah

## Leah Vulić
**ASSOCIATE**
**KRONENBERGER ROSENFELD, LLP**
548 Market St Suite 85399 San Francisco, CA 94104
**Phone:** (415) 955-1155 Ext. 121

**leah@kr.law**
**www.kr.law**

Follow us

 

NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express written permission is strictly prohibited. If you are not the intended recipient, please contact the sender at the above number and delete all copies. Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).

**From:** Rom Bar-Nissim <rom@heahbarnissim.com>
**Sent:** Monday, July 20, 2026 11:00 AM
**To:** Leah Vulic <Leah@kr.law>; Jeff Rosenfeld <Jeff@kr.law>
**Subject:** TEI v Does: Motion to Transmit Physical Exhibits

Hi Leah:

Hope you had a relaxing weekend.

I'm going to be filing a motion to transmit physical exhibits either today or tomorrow with the Court. The exhibits I want to submit are the video exhibits filed concurrently with the Complaint – specifically Exhibits D-F (the works at issue) and Exhibit J-K (the two parts of Denims' January 31, 2025 broadcast).

I wanted to know if you consent to the motion. Please let me know.

Thanks,

**Rom Bar-Nissim**
Partner

**P:** +1 (310) 432-2836
**E:** Rom@HeahBarNissim.com
1801 Century Park E #2400 Los Angeles CA 90067

HeahBarNissim.com



## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing Consent Motion to Transmit Physical Exhibits; Declaration of Rom Bar-Nissim with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

DATED: July 21, 2026        By: /s/ Rom Bar-Nissim

1