No. 26-3513

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

IN RE DOE DEFENDANTS,

*Petitioners and Defendants-Movants*,

v.

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

*Respondent*,

TED ENTERTAINMENT, INC.,

*Real Party in Interest and Plaintiff-Respondent*.

---

On Petition for Writ of Mandamus to the United States District Court
for the Northern District of California
Case No. 3:25-mc-80296-SK
Hon. Sallie Kim

---

**MOTION TO DISMISS FOR MOOTNESS OR, IN THE ALTERNATIVE, A STAY OF PROCEEDINGS; DECLARATION OF ROM BAR-NISSIM**

---

ROM BAR-NISSIM (SBN 293356)
ROM@HEAHBARNISSIM.COM
Heah Bar-Nissim LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

**Attorneys for Real Party in Interest**
**Ted Entertainment, Inc.**

# TABLE OF CONTENTS


**I. INTRODUCTION ........................................................ 1**

**II. RELEVANT BACKGROUND ........................................ 3**

**III. ARGUMENT ............................................................ 5**

**A. The Present Appeal is Now Moot ........................... 5**

**B. None of the Exceptions to Mootness Apply ........... 8**

**C. Alternatively, this Court Should Stay the Present Appeal ........................................................................ 10**

**IV. CONCLUSION ........................................................ 11**

# TABLE OF AUTHORITIES

**Pages**

## Cases

*Already, LLC v. Nike, Inc.*,

568 U.S. 85 (2013) .......................................................................... 5

*Basardh v. Gates*,

545 F.3d 1068 (D.C. Cir. 2008).................................................... 10

*Brach v. Newsom*,

38 F.4th 6 (9th Cir. 2022) ................................................................ 8

*E.E.O.C. v. Federal Express Corp.*,

558 F.3d 842 (9th Cir. 2009) ...................................................... 7, 9

*El Paso v. Reynolds*,

887 F.2d 1103 (D.C. Cir. 1989)........................................................ 6

*Fincher v. Keller Industries, Inc.*,

129 F.R.D. 123 (M.D.N.C. 1990)..................................................... 6

*Harter v. Iowa Grain Co.*,

1998 WL 796131 (D.C. Cir. Oct. 28, 1998).................................... 5

*Landis v. North America Co.*,

299 U.S. 248 (1936) ......................................................................... 9

*Leyva v. Certified Grocers of California, Ltd.*,
593 F.2d 857 (9th Cir. 1979) ........................................................ 10

*Public Utilities Commission of the State of California v. F.E.R.C.*,
100 F.3d 1451 (9th Cir. 1996) ........................................................ 9

*Rafter v. Carrier Corp.*,
309 F. Supp. 517 (S.D.N.Y. 1969) .................................................. 7

*Smith v. Helzer*,
95 F.4th 1207 (9th Cir. 2024) ......................................................... 8

*U.S. Parole Commission v. Geraghty*,
445 U.S. 388 (1980) ...................................................................... 5

*U.S. v. Krane*,
625 F.3d 568 (9th Cir. 2010) .......................................................... 5

*U.S. v. Owen*,
553 F.3d 161 (2d Cir. 2009) .......................................................... 10

*Western Benefit Solutions, LLC v. Gustin*,
2012 WL 4417190 (D. Id. Sept. 12, 2012)...................................... 6

**<u>Constitutional Provisions</u>**

U.S. Const. art. III......................................................................... 5

**<u>Rules</u>**

Fed. R. Crim. P. 17(c)(1) ................................................................ 5

Real Party in Interest and Plaintiff-Respondent Ted Entertainment, Inc. ("TEI") respectfully submits its motion to dismiss the present appeal of Defendants-Petitioners Does (collectively, the "Doe defendants") based on the appeal being moot. Alternatively, TEI moves this Court to stay the present appeal pending the outcome of a related appeal.

## I. INTRODUCTION

This appeal should be dismissed because it is now moot. The appeal arises from the denial of a motion to quash TEI's subpoenas to two internet service providers (the "Quash Order"). After the Quash Order was issued, the district court in the underlying case (the "Underlying Action") entered judgment (the "Judgment") and closed the case. Consequently, whether the Quash Order is affirmed or reversed will have no legal effect at this time because TEI can no longer pursue its claims or discovery in the Underlying Action.

Nor do any of the exceptions to mootness apply. First, this is not the case where the matter is capable of repetition yet evading review. While TEI is currently appealing the Judgment in the Underlying Action (the "Merits Appeal"), the Doe defendants will still be able to obtain appellate review if the Judgment is reversed and they lose another motion to quash. Prior to entry of judgment, they could file a petition for writ of mandamus. After entry of judgment, they could file a notice of appeal. Second, the voluntary cessation exception does not apply. It is

not TEI's conduct that has rendered the present appeal moot. Rather, it is the district court's entry of Judgment in the Underlying Action that has rendered the present appeal moot. Third, the collateral consequences doctrine does not apply. Collateral consequences cannot be based on contingent adverse effects. Rather, they must be based on present legal effects. Since none currently exist, the doctrine is inapplicable. Finally, since this is not a class action, the exception that applies to when a class representative no longer represents the class is inapplicable.

Alternatively, TEI requests that the present appeal be stayed pending resolution of the Merits Appeal. If the Judgment is affirmed, the present appeal will forever remain moot because TEI will not be able to proceed with its claims in the Underlying Action. If the Judgment is reversed, the Doe defendants may be able to proceed with their appeal because TEI will continue to pursue the subpoenas seeking the Doe defendants' personal identifying information to name and serve them with the complaint (collectively, the "Subpoenas"). Further, resolution of the Merits Appeal will affect factual and legal issues at play in the present appeal as well.

Therefore, for the reasons set forth herein, TEI respectfully requests this Court to dismiss the present appeal as moot or, in the alternative, stay the present appeal until the Merits Appeal is decided.

## II. RELEVANT BACKGROUND

This case concerns two contributory copyright infringement claims alleged against the Doe defendants regarding two of TEI's copyrighted works. Declaration of Rom Bar-Nissim ("RBN Decl."), ¶ 2. In the Underlying Action (titled *Ted Entertainment, Inc. v. Saber et al.* (C.D. Cal. Case No. 2:25-cv-5564), the district court authorized TEI to issue the Subpoenas to Reddit, Inc. and Discord, Inc. seeking the Doe defendants' personal identifying information for TEI to identify and serve the Doe defendants with the complaint. *Id.* The Doe defendants sought to quash the Subpoenas by commencing a miscellaneous action titled *In re Subpoenas to Reddit, Inc. and Discord, Inc.* (N.D. Cal. Case No. 3:25-mc-80296) (the "Quash Action"). *Id.*

Ultimately, the Doe defendants were unsuccessful because the Quash Order denied their motion. RBN Decl., ¶ 3. They commenced two appeals of the Quash Order: (1) the present petition for writ of mandamus; and (2) filing a notice of appeal to commence an an action titled: *Ted Entertainment, Inc. v. Doe Defendants* (9th Cir. Case No. 26-3553) (the "Quash Order Appeal"). *Id.* At no point in time has TEI obtained the Doe defendants' identities or served them with the complaint in the Underlying Action. *Id.* Nor has Reddit, Inc. or Discord, Inc. complied by responding to the Subpoenas. *Id.* To avoid unnecessary litigation, TEI held enforcement of the Subpoenas in abeyance. *Id.*

During the pendency of both of the Does' appeals, the district court in the Underlying Action granted the motion for judgment on the pleadings of the only served defendant (the "JOP Order"). RBN Decl., ¶ 4. Shortly thereafter, the district court in the Underlying Action entered the Judgment. *Id.* Upon entry of Judgment, the district court closed the Underlying Action. *Id.* The ECF notification for the Judgment stated: "**WARNING: CASE CLOSED on 07/13/2026**." *Id.*, Ex. 1 (original emphasis). When searching for the Underlying Action on PACER, the search results state that the "Date Closed" for the case is "07/13/2026." *Id.*, Ex. 2. The docket report for the Underlying Action on PACER also notes that the case is "CLOSED." *Id.*, Ex. 3. The docket entry for the Judgment on the docket report for the Underlying Action states "JS-6, Case Terminated" – which is a statistical code used by the Central District of California to indicate that the matter is no longer active and has been removed from the court's pending case list. *Id.* As a direct result of the district court in the Underlying Action closing the case, TEI is unable to pursue discovery or its claims against the Doe defendants. *Id.*

TEI has appealed the Judgment and JOP Order in the Underlying Action in a case titled *Ted Entertainment, Inc. v. Saber* (9th Cir. Case No. 26-5059) – *i.e.*, the Merits Appeal. RBN Decl., ¶ 5. If TEI prevails on the Merits Appeal and the Judgment is reversed, it will proceed with its claims against the Doe defendants. *Id.* If the Judgment is affirmed, the Underlying Action will remain closed and TEI

will be unable to enforce the Subpoenas or pursue its claims against the Doe defendants. *Id.*

## III. ARGUMENT

### A. The Present Appeal is Now Moot

"A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980).

The Does defendants' present appeal of the Quash Order is moot. Since entry of the Judgment in the Underlying Action closed the case, TEI is no longer able to enforce the Subpoenas. RBN Decl., ¶ 4. Consequently, the dispute is "no longer live" and the Doe defendants "lack a legally cognizable interest in the outcome." *See Already*, 568 U.S. at 91.

Case law illustrates how the closure of a case renders any outstanding discovery moot. This Court's decision in *U.S. v. Krane*, 625 F.3d 568 (9th Cir. 2010) provides useful guidance. In *Krane*, "the district court authorized the government 'to issue a *pretrial* subpoena duces tecum' to Skadden pursuant to Fed. R. Crim. P. 17(c)(1)." *Krane*, 625 F.3d at 574 (original emphasis). Relying on

several civil cases, this Court held that "the guilty plea of the defendants, and subsequent vacation of the trial, have rendered the trial subpoenas moot." *Id.* at 573 (citing *Harter v. Iowa Grain Co.*, 1998 WL 796131, *1 (D.C. Cir. Oct. 28, 1998); *El Paso v. Reynolds*, 887 F.2d 1103, 1105-06 (D.C. Cir. 1989)).

Various district courts are in agreement. *Western Benefit Solutions, LLC v. Gustin*, 2012 WL 4417190 (D. Id. Sept. 12, 2012) is highly instructive. That case involved a motion to compel enforcement of a subpoena. *Id.*, *2. The plaintiff argued, *inter alia*, that "the settlement and dismissal of [the] action render[ed] the Motion moot, because there is no longer a pending proceeding within which to conduct discovery." *Id.* As to the enforcement of the subpoena, the district court agreed stating that "future compliance [of] the Renewed Subpoena is moot given that this matter has settled[.]"[1] *Id.* at *3.

*Fincher v. Keller Industries, Inc.*, 129 F.R.D. 123 (M.D.N.C. 1990) is also insightful. That case involved a motion to compel compliance with a deposition subpoena. *Id.* at 124. The district court correctly noted that the "parties' discovery rights in this district can rise no higher than their level in the district of trial" and a "subpoena duces tecum is normally limited to use in conjunction with discovery or

---

[1] For thoroughness and transparency, the district court also held that a prior order finding that the subpoenaed party was entitled to reasonable costs of production and the extent of those costs was not moot. *Western Benefit Solutions*, 2012 WL 4417190, *3.

a trial." *Id.* at 125. Since "discovery" in the underlying action "ended and plaintiffs fail[ed] to show that they have any authority to conduct depositions and secure records in this District or in any other district for either discovery or trial," the district court denied the motion to compel the enforcement of the subpoena. *Id.*

*Rafter v. Carrier Corp.* 309 F.Supp. 517 (S.D.N.Y. 1969) is also helpful. That case involved a motion to compel and for civil contempt for failure to comply with a subpoena. *Id.* The district court found that "enforcing the subpoena by compelling compliance, whether by deposition [of the third-party] or otherwise, is no longer relevant to the [underlying] proceeding, the record is presently closed." *Id.* at 518. Consequently, the "purpose for which the subpoena issued, i.e. to compel testimony at the [underlying] proceedings, can no longer be effectuated." *Id.* Since "enforcement" would "neither serve a useful purpose nor benefit the petitioner," the motion was denied. *Id.*

Here, the Subpoenas were authorized by the district court in the Underlying Action. RBN Decl., ¶ 2. The purpose of the Subpoenas was to identify and serve the Doe defendants with the complaint in the Underlying Action. *Id.* Now that the Judgment is entered and the Underlying Action closed, TEI can no longer enforce the Subpoenas. *Id.*, ¶ 4, Exs. 1-3. Therefore, whether the Quash Order is affirmed or reversed will have no impact on the Doe defendants – which renders the present appeal moot and necessitates dismissal.

### B. <u>None of the Exceptions to Mootness Apply</u>

None of the "four major exceptions to the mootness doctrine" apply. *E.E.O.C. v. Federal Express Corp.*, 558 F.3d 842, 847 (9th Cir. 2009). Those exceptions are: "(1) collateral legal consequences; (2) wrongs capable of repetition yet evading review; (3) voluntary cessation; and (4) class actions where the named party ceases to represent the class." *Id.*

This case does not qualify for the "capable of repetition yet evade review" exception. *Smith v. Helzer*, 95 F.4th 1207, 1213 (9th Cir. 2024). "This exception is used 'sparingly' [Citation] and 'is reserved for extraordinary cases in which (1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the [party] will be subjected to the same action again.'" *Id.*

Here, the exception is inapplicable because the challenged action will not evade subsequent review. In the event that this Court reverses the Judgment in the Underlying Action, TEI will subpoena Reddit, Inc. and Discord, Inc. again for the Doe defendants' personal identifying information. RBN Decl., ¶ 5. But this will not prevent the Doe defendants from seeking appellate review should the district court deny their motion to quash again. Prior to judgment, they will be able to file a petition for writ of mandamus. After judgment, they can file a notice of appeal. Therefore, the exception does not apply.

Next, the voluntary cessation doctrine – *i.e.*, that "a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior" is inapplicable. *Brach v. Newsom*, 38 F.4th 6, 12 (9th Cir. 2022). Here, it is not TEI's voluntary cessation of behavior that has rendered the case moot. Rather, it is the district court's entry of the Judgment and closure of the Underlying Action that renders enforcement of the Subpoenas moot.

Further, the "collateral legal consequences" exception does not apply. *Public Utilities Commission of the State of California v. F.E.R.C.*, 100 F.3d 1451, 1460 (9th Cir. 1996). First, it is "most commonly applied in habeas corpus proceedings where the petitioner has subsequently obtained legal relief." *Id.* This is not a habeas corpus proceeding. Second, the exception is inapplicable "for the mere possibility of continuing, present adverse effects." *Id.* (quotation marks omitted). Here, any potential adverse effects are contingent on the Judgment being reversed in the Merits Appeal; the Doe defendants are facing no collateral ***legal*** consequences now.

The final exception applies to "class actions where the named party ceases to represent the class." *E.E.O.C.*, 558 F.3d at 847. This is not a class action.

Therefore, for the reasons set forth above, there is no exception to the mootness doctrine that applies in the present appeal.

### C. Alternatively, this Court Should Stay the Present Appeal

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North America Co.*, 299 U.S. 248, 254 (1936). A stay is appropriate when the "pending resolution of independent proceedings" may "bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* This rule applies to the Court of Appeals over their own proceedings as well. *See e.g., U.S. v. Owen*, 553 F.3d 161, 165 (2d Cir. 2009); *Basardh v. Gates*, 545 F.3d 1068, 1068-69 (D.C. Cir. 2008).

Here, staying the present appeal as an alternative to dismissal is appropriate. It is highly likely that the outcome of the Merits Appeal will affect the present appeal. First, if the Merits Appeal affirms the Judgment, the Merits Appeal will clarify whether the present appeal is moot. In that scenario, the Underlying Action will remain closed and any discovery shall remain extinguished. If the Merits Appeal reverses the Judgment, it will clarify whether the present petition or Quash Order Appeal should proceed. Second, the Merits Appeal will clarify whether there is direct underlying infringement of one of the works at issue that is a predicate for

one of the contributory infringement claims alleged against the Doe defendants (and will likely be instructive as to the other work at issue as well). Finally, if the Merits Appeal reverses the Judgment, a stay of the present appeal will conserve the resources of the district court and the parties – as it will avoid having to relitigate the Does defendants motion to quash.

Therefore, as an alternative to dismissal for mootness, a stay is warranted and proper.

## IV. CONCLUSION

For the reasons set forth above, TEI respectfully requests this Court to dismiss the present appeal as moot. Alternatively, TEI respectfully requests this Court stay the present appeal until resolution of the Merits Appeal.

DATED: September 15, 2026 **Heah Bar-Nissim LLP**

By: */s/ Rom Bar-Nissim*
Rom Bar-Nissim
Attorneys for Plaintiff and Appellee Ted Entertainment, Inc.

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rules of Appellate Procedure ("FRAP") 27(d) and Ninth Circuit Rule ("9th Cir. Rule") 27-1(1)(d), counsel certifies that this Motion to Dismiss for Mootness or, in the Alternative, a Stay of Proceedings contains 2,519 words and is less than 20 pages, excluding the items exempted by FRAP Rule 27(a)(2)(B) and 9th Cir. Rule 27-1(1)(d).

This Motion complies with the formatting, typeface and type styles requirements of FRAP Rules 27(d)(1)(D-E) and 32(a)(5-6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Times New Roman 14-point font that is double-spaced.

DATED: September 15, 2026 By: /s/ Rom Bar-Nissim

**DECLARATION OF ROM BAR-NISSIM**

I, Rom Bar-Nissim, do hereby state and declare as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California and in the Ninth Circuit Court of Appeals. I am a partner at the law firm Heah Bar-Nissim LLP and attorney of record for Plaintiff-Appellee Ted Entertainment, Inc. ("TEI"). I have personal knowledge of the facts contained in this declaration and, if called and sworn as a witness, I could and would competently testify thereto. I make this declaration in support of TEI's Motion to Dismiss for Mootness (the "Motion").

2. This case concerns two contributory copyright infringement claims alleged against Defendants-Appellants Does (collectively, the "Doe defendants") regarding two of TEI's copyrighted works. In the underlying action titled *Ted Entertainment, Inc. v. Saber et al.* (C.D. Cal. Case No. 2:25-cv-5564) (the "Underlying Action"), the district court authorized TEI to issue subpoenas to Reddit, Inc. and Discord, Inc. seeking the Doe defendants' personal identifying information (collectively, the "Subpoenas") for TEI to identify and serve the Doe defendants with the complaint. The Doe defendants sought to quash the Subpoenas by commencing a miscellaneous action titled *In re Subpoenas to Reddit, Inc. and Discord, Inc.* (N.D. Cal. Case No. 3:25-mc-80296) (the "Quash Action").

3. Ultimately, the Doe defendants were unsuccessful because, on April

29, 2026, the court in the Quash Action issued an order denying the Doe defendants' motion to quash (the "Quash Order"). The Doe defendants commenced two appeals of the Quash Order: (1) the present petition for writ of mandamus; and (2) filing a notice of appeal to commence an an action titled: *Ted Entertainment, Inc. v. Doe Defendants* (9th Cir. Case No. 26-3553) (the "Quash Order Appeal"). At no point in time has TEI obtained the Doe defendants' identities or served them with the complaint in the Underlying Action. Nor has Reddit, Inc. or Discord, Inc. complied by responding to the Subpoenas. To unnecessary litigation, TEI held enforcement of the Subpoenas in abeyance.

4. During the pendency of both of the Doe defendants' appeals, the district court in the Underlying Action granted the motion for judgment on the pleadings of the only served defendant the "JOP Order"). Shortly thereafter, the district court in the Underlying Action entered judgment (the "Judgment"). Upon entry of the Judgment, the district court closed the Underlying Action.

a. The ECF notification for the Judgment stated: "**WARNING: CASE CLOSED on 07/13/2026**." A true and correct copy of said ECF notification is attached hereto and incorporated herein as **Exhibit 1**.

b. When searching for the Underlying Action on PACER, the search results state that the "Date Closed" for the case is "07/13/2026." A true and correct PDF printout of the search results for TEI on PACER

containing said information is attached hereto and incorporated herein as **Exhibit 2**.

c. The docket report for the Underlying Action on PACER also notes that the case is "CLOSED." A true and correct PDF printout of the docket report for the Underlying Action is attached hereto and incorporated herein as **Exhibit 3**.

d. The docket entry for the Judgment on the docket report for the Underlying Action states: "JS-6, Case Terminated" – which is a statistical code used by the Central District of California to indicate that the matter is no longer active and has been removed form the court's pending case list.

e. As a direct result of the district court in the Underlying Action closing the case, TEI is unable to pursue discovery or its claims against the Doe defendants.

5. TEI has appealed the Judgment and JOP Order in the Underlying Action in a case titled *Ted Entertainment, Inc. v. Saber* (9th Cir. Case No. 26-5059) (the "Merits Appeal"). If TEI prevails on the Merits Appeal and the Judgment is reversed, it will proceed with its claims against the Doe defendants. If the Judgment is affirmed, the Underlying Action will remain closed and TEI will be unable to enforce the Subpoenas or pursue its claims against the Doe

defendants. If needs be, TEI will issue new subpoenas to Reddit, Inc. and Discord, Inc. seeking the Doe defendants' personal identifying information.

6. On September 14, 2026, I emailed counsel for the Doe defendants to inform them that TEI would be filing the motion and asked whether the Doe defendants would consent to or oppose the motion. On September 15, 2026, counsel for the Doe defendants responded and informed me that the Doe defendants would oppose the motion.

I swear under penalty of perjury that the contents of this declaration are true and correct. Executed this 15th day of September, 2026 in Los Angeles, California.

/s/ Rom Bar-Nissim

Rom Bar-Nissim

# EXHIBIT 1

Outlook

## Activity in Case 2:25-cv-05564-WLH-PD Ted Entertainment, Inc. v. Alexandra Marwa Saber et al Judgment

**From** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Date** Wed 7/15/2026 12:38 PM
**To** ecfnef@cacd.uscourts.gov <ecfnef@cacd.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

### Notice of Electronic Filing

The following transaction was entered on 7/15/2026 at 12:36 PM PDT and filed on 7/13/2026

**Case Name:** Ted Entertainment, Inc. v. Alexandra Marwa Saber et al
**Case Number:** 2:25-cv-05564-WLH-PD
**Filer:**
**WARNING: CASE CLOSED on 07/13/2026**
**Document Number:** 49

**Docket Text:**
**JUDGMENT [45] by Judge Wesley L. Hsu. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows: 1. Judgment is entered in favor of Defendant Alexandra Marwa Saber p/k/a Denims and against Plaintiff Ted Entertainment, Inc. on TEI's First Claim for Relief for Direct Copyright Infringement as to the "The Nuke." 2. Plaintiff TEI shall take nothing on its First Claim for Relief. 3. Denims, as the prevailing party, may recover costs and attorneys' fees incurred in this action by application and motion under 17 U.S.C. § 505, Federal Rule of Civil Procedure 54(d), and the Local Rules of this Court, subject to any forthcoming order of this Court with respect to the timing of the filing of such application and motion. (MD JS-6, Case Terminated).(lom)**

**2:25-cv-05564-WLH-PD Notice has been electronically mailed to:**

David Tiraturyan nhouston@frostllp.com, david1@frostllp.com

Benjamin Grush nhouston@frostllp.com, frosteservice@frostllp.com, bgrush@frostllp.com

Benjamin Gregory Kassis lrodriguez@frostllp.com, ben@frostllp.com, frosteservice@frostllp.com

Rom Bar-Nissim rom@heahbarnissim.com

**2:25-cv-05564-WLH-PD Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

# EXHIBIT 2

PACER Maintenance, 08/23/2026

PACER systems will undergo maintenance on Sunday, August 23, 2026 , from 7:00 a.m. to 9:00 p.m. ET. As a result, certain portions of this site may be temporarily degraded during the maintenance window.

An official website of the United States government. Here's how you know.

Log in to PACER Systems

PACER Case Locator

Party Search Results

**Search Criteria:** Party Search; Last Name: [Ted Entertainment, Inc.]; Exact Matches Only
**Result Count:** 11 (1 page)
**Current Page:** 1

| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| Ted Entertainment, Inc. | 0:2026cv03553 | Ted Entertainment, Inc. v. Doe Defendants | U.S. COURT OF APPEALS, NINTH CIRCUIT | 06/02/2026 | |
| Ted Entertainment, Inc. | 0:2026cv05059 | Ted Entertainment, Inc. v. Saber, et al. | U.S. COURT OF APPEALS, NINTH CIRCUIT | 08/06/2026 | |
| Ted Entertainment, Inc. (pla) | 2:2025cv05564 | Ted Entertainment, Inc. v. Alexandra Marwa Saber et al | CALIFORNIA CENTRAL DISTRICT COURT | 06/19/2025 | 07/13/2026 |
| Ted Entertainment, Inc. (pla) | 2:2026cv00754 | Ted Entertainment, Inc. et al v. Snap Inc. | CALIFORNIA CENTRAL DISTRICT COURT | 01/23/2026 | |
| Ted Entertainment, Inc. (pla) | 3:2025mc80296 | In re. Subpoenas to Reddit, Inc. and Ddiscord, Inc. | CALIFORNIA NORTHERN DISTRICT COURT | 09/22/2025 | |
| Ted Entertainment, Inc. (pla) | 5:2025cv10287 | Ted Entertainment, Inc. et al v. Nvidia Corporation | CALIFORNIA NORTHERN DISTRICT COURT | 11/26/2025 | |
| Ted Entertainment, Inc. (pla) | 4:2025cv10931 | Ted Entertainment, Inc. et al v. Meta Platforms, Inc. | CALIFORNIA NORTHERN DISTRICT COURT | 12/23/2025 | |
| Ted Entertainment, Inc. (pla) | 3:2025cv10933 | Ted Entertainment, Inc. et al v. ByteDance Inc | CALIFORNIA NORTHERN DISTRICT COURT | 12/23/2025 | |
| Ted Entertainment, Inc. (pla) | 5:2026cv02935 | Ted Entertainment, Inc. et al v. OpenAI Inc. et al | CALIFORNIA NORTHERN DISTRICT COURT | 04/03/2026 | |
| Ted Entertainment, Inc. (pla) | 3:2026cv02936 | Ted Entertainment, Inc. et al v. Apple, Inc., | CALIFORNIA NORTHERN DISTRICT COURT | 04/03/2026 | |
| Ted Entertainment, Inc. (pla) | 4:2025cv00459 | Ted Entertainment, Inc. v. Caviness et al | MISSOURI WESTERN DISTRICT COURT | 06/19/2025 | |

| PACER Service Center | 08/19/2026 13:20:18 |
|---|---|
| **User** | rbarnissim |
| **Client Code** | |
| **Description** | All Court Types Party Search |
| | All Courts; Name Ted Entertainment, Inc. Exact Matches Only; All Courts; Page: 1 |
| **Billable Pages** | 1 ($0.10) |

PACER FAQ Privacy & Security Contact Us

This site is maintained by the Administrative Office of the U.S. Courts on behalf of the Federal Judiciary.

**PACER Service Center**
(800) 676-6856
pacer@psc.uscourts.gov

# EXHIBIT 3

ACCO,(PDx),APPEAL,CLOSED,DISCOVERY,MANADR,PROTORD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:25-cv-05564-WLH-PD

Ted Entertainment, Inc. v. Alexandra Marwa Saber et al
Assigned to: Judge Wesley L. Hsu
Referred to: Magistrate Judge Patricia Donahue
Case in other court: 9th CCA, 26-05059
Cause: 17:501 Copyright Infringement

Date Filed: 06/19/2025
Date Terminated: 07/13/2026
Jury Demand: Both
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Ted Entertainment, Inc.**
*a California corporation*

represented by **Rom Bar-Nissim**
Heah Bar-Nissim LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
310-432-2836
Email: rom@heahbarnissim.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Alexandra Marwa Saber**
*an individual*
*formerly known as*
Marwa Talatt Abdelmonem
*other*
Denims

represented by **Benjamin Gregory Kassis**
Frost, LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
424-254-0441
Fax: 424-600-8504
Email: ben@frostllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Grush**
Frost LLP
10960 Wilshire Blvd, Suite 2100

Los Angeles, CA 90024
424-254-0441
Fax: 424-600-8504
Email: bgrush@frostllp.com
*ATTORNEY TO BE NOTICED*

**David Tiraturyan**
Frost LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
424-254-0441
Fax: 424-600-8504
Email: david1@frostllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1-10*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2025 | 1 | COMPLAINT Receipt No: ACACDC-39935780 - Fee: $405, filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Exhibit J, # 11 Exhibit Exhibit K, # 12 Exhibit Exhibit L) (Attorney Rom Bar-Nissim added to party Ted Entertainment, Inc.(pty:pla))(Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 2 | CIVIL COVER SHEET filed by Plaintiff Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 3 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening),, 1 filed by Plaintiff Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 4 | CERTIFICATE of Interested Parties filed by Plaintiff Ted Entertainment, Inc., (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 5 | REPORT ON THE FILING OF AN ACTION regarding a copyright (Initial Notification) filed by Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 6 | NOTICE OF LODGING filed *by Plaintiff Ted Entertainment, Inc.* re Complaint (Attorney Civil Case Opening),, 1 (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/20/2025 | 7 | NOTICE OF ASSIGNMENT to District Judge Wesley L. Hsu and Magistrate Judge Patricia Donahue. (ghap) (Entered: 06/20/2025) |

| | | |
|---|---|---|
| 06/20/2025 | 8 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (ghap) (Entered: 06/20/2025) |
| 06/20/2025 | 9 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (ghap) (Entered: 06/20/2025) |
| 06/20/2025 | 10 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening),, 1 as to Defendant Alexandra Marwa Saber. (ghap) (Entered: 06/20/2025) |
| 06/26/2025 | 11 | STANDING ORDER FOR CASES ASSIGNED TO Judge Wesley L. Hsu. (hc) (Entered: 06/26/2025) |
| 07/01/2025 | 12 | PROOF OF SERVICE Executed by Plaintiff Ted Entertainment, Inc., upon Defendant Alexandra Marwa Saber served on 6/24/2025, answer due 7/15/2025. Service of the Summons and Complaint were executed upon Defendant Alexandra Marwa Saber in compliance with Federal Rules of Civil Procedure by personal service (Bar-Nissim, Rom) (Entered: 07/01/2025) |
| 07/14/2025 | 13 | Notice of Appearance or Withdrawal of Counsel: for attorney Benjamin Gregory Kassis counsel for Defendant Alexandra Marwa Saber. Adding Benjamin Gregory Kassis as counsel of record for Alexandra Marwa Saber for the reason indicated in the G-123 Notice. Filed by Defendant Alexandra Marwa Saber. (Attorney Benjamin Gregory Kassis added to party Alexandra Marwa Saber(pty:dft))(Kassis, Benjamin) (Entered: 07/14/2025) |
| 07/14/2025 | 14 | NOTICE of Interested Parties filed by Defendant Alexandra Marwa Saber, (Kassis, Benjamin) (Entered: 07/14/2025) |
| 07/14/2025 | 15 | STIPULATION Extending Time to Answer the complaint as to Alexandra Marwa Saber answer now due 8/14/2025, re Complaint (Attorney Civil Case Opening),, 1 filed by Defendant Alexandra Marwa Saber.(Kassis, Benjamin) (Entered: 07/14/2025) |
| 07/16/2025 | 16 | STIPULATION to Expedite Discovery filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit Exhibit A - Proposed Subpoena to Reddit, Inc., # 2 Exhibit Exhibit B - Proposed Subpoena to Discord, Inc., # 3 Proposed Order Proposed Order)(Bar-Nissim, Rom) (Entered: 07/16/2025) |
| 07/16/2025 | 17 | Corrected STIPULATION to Expedite Discovery filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit Exhibit A - Proposed Subpoena to Reddit, Inc., # 2 Exhibit Exhibit B - Proposed Subpoena to Discord, Inc., # 3 Proposed Order Proposed Order)(Bar-Nissim, Rom) (Entered: 07/16/2025) |
| 07/31/2025 | 18 | ORDER GRANTING JOINT STIPULATION RE: GRANTING PLAINTIFF LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO THE RULE 26(f) CONFERENCE 17 by Judge Wesley L. Hsu. 1. The Stipulation is GRANTED; 2. TEI may immediately serve the subpoena attached as Exhibit A to the Stipulation on third-party Reddit, Inc. ("Reddit Subpoena"), accompanied by this Order and shall include the date the Reddit Subpoena was issued and the date of compliance; and 3. TEI may immediately serve the subpoena attached as Exhibit B to the Stipulation on third-party Discord, Inc. ("Discord Subpoena"), accompanied by this Order and shall include the date the Discord Subpoena was issued and the date of compliance. (lom) (Entered: 08/01/2025) |
| 08/14/2025 | 19 | ANSWER to Complaint (Attorney Civil Case Opening),, 1 with JURY DEMAND filed by Defendant Alexandra Marwa Saber. (Kassis, Benjamin) (Entered: 08/14/2025) |
| 09/02/2025 | 20 | ORDER SETTING RULE 26(f) SCHEDULING CONFERENCE by Judge Wesley L. Hsu. A Scheduling Conference is set for 9/26/2025 at 01:00 PM. See Attached Order for Details. If all parties agree to the dates in the 26(f)report, the matter will be |

| | | |
|---|---|---|
| | | taken off calendar and no appearance by counsel will be required. by Judge Wesley L. Hsu. (hc) (Entered: 09/02/2025) |
| 09/12/2025 | 21 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 5-7 days, filed by Plaintiff Ted Entertainment, Inc... (Bar-Nissim, Rom) (Entered: 09/12/2025) |
| 09/17/2025 | 22 | ORDER/REFERRAL to ADR Procedure No 1 by Judge Wesley L. Hsu. Case ordered to Magistrate Judge Patricia Donahue for Settlement Conference. ADR Proceeding to be held no later than 8/28/2026. (hc) (Entered: 09/17/2025) |
| 09/17/2025 | 23 | CIVIL PRETRIAL SCHEDULE AND TRIAL ORDER by Judge Wesley L. Hsu. The Scheduling Conference scheduled for 9/26/2025 is hereby VACATED. The pretrial schedule governing this case is set forth in the far right column labeled "Court Order" located on the parties' Schedule of Pretrial and Trial Dates Worksheet, which accompanies this Order. If the parties wish to set additional or alternative dates, they must file a stipulation and proposed order setting forth the dates requested and demonstrating good cause. Setting additional or alternative dates may be especially appropriate in class actions, patent cases, or cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Please refer to the Court's Standing Order for Newly Assigned Civil Cases for requirements for specific motions, discovery, certain types of filings, courtesy copies, emailing signature items to chambers, settlement, and other matters pertaining to all civil cases. Schedule of Pretrial and Trial Dates Worksheet: Final Pretrial Conference set for 10/02/2026 03:00 PM; 08/17/2026 Jury Trial set for 10/26/2026 09:00 AM. See order for additional deadlines and information. (lom) (Entered: 09/17/2025) |
| 09/17/2025 | 24 | STANDING ORDER FOR MOTIONS FOR SUMMARY JUDGMENT by Judge Wesley L. Hsu. READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES. (lom) (Entered: 09/17/2025) |
| 09/30/2025 | 25 | STIPULATION for Protective Order filed by Defendant Alexandra Marwa Saber.(Grush, Benjamin) (Entered: 09/30/2025) |
| 09/30/2025 | 26 | Amended STIPULATION for Protective Order filed by Defendant Alexandra Marwa Saber.(Kassis, Benjamin) (Entered: 09/30/2025) |
| 10/02/2025 | 27 | STIPULATED PROTECTIVE ORDER by Magistrate Judge Patricia Donahue. 25 , 26 [See document for details.] (san) (Entered: 10/02/2025) |
| 01/22/2026 | 28 | Joint STIPULATION to Stay Case filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Proposed Order)(Bar-Nissim, Rom) (Entered: 01/22/2026) |
| 03/02/2026 | 29 | ORDER GRANTING JOINT STIPULATION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE DOE DEFENDANTS' MOTION TO QUASH 28 by Judge Wesley L. Hsu. The present action is STAYED pending final resolution of the motion to quash ("Quash Motion") filed by the Doe defendants (collectively, the"H3Snark Mods") in the action pending in the United States District Court for the Northern District of California entitled In re Subpoenas to Reddit, Inc. and Discord, Inc. (N.D. Cal. Case No.: 3:25-mc-80296-SK) (the "Quash Motion Action"). [See order for details] (lom) (Entered: 03/03/2026) |
| 03/20/2026 | 30 | Joint STIPULATION to Lift Stay FOR LIMITED PURPOSE OF FILING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS filed by Defendant Alexandra Marwa Saber. (Attachments: # 1 Proposed Order)(Grush, Benjamin) (Entered: 03/20/2026) |

| | | |
|---|---|---|
| 03/23/2026 | 31 | Notice of Appearance or Withdrawal of Counsel: for attorney David Tiraturyan counsel for Defendant Alexandra Marwa Saber. Adding David Tiraturyan as counsel of record for Alexandra Marwa Saber for the reason indicated in the G-123 Notice. Filed by Defendant Alexandra Marwa Saber. (Attorney David Tiraturyan added to party Alexandra Marwa Saber(pty:dft))(Tiraturyan, David) (Entered: 03/23/2026) |
| 03/30/2026 | 32 | ORDER GRANTING JOINT STIPULATION TO LIFT STAY FOR LIMITED PURPOSE OF FILING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS 30 by Judge Wesley L. Hsu. 1. The Stipulation is GRANTED. 2. The stay is lifted for the limited purpose of the MJOP. 3. The Parties shall meet and confer regarding a briefing schedule for the MPJOP and shall submit a proposed briefing schedule to the Court within five days of the entry of this Order. (lom) (Entered: 03/31/2026) |
| 04/02/2026 | 33 | Joint STIPULATION for Hearing re Stipulation and Order,, Set/Clear Flags, 32 , Joint STIPULATION to Correct Notice of Lodging 6 , Complaint (Attorney Civil Case Opening),, 1 filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Proposed Order)(Bar-Nissim, Rom) (Entered: 04/02/2026) |
| 04/02/2026 | 34 | NOTICE OF LODGING filed re Stipulation for Hearing,, Stipulation to Amend/Correct, 33 (Bar-Nissim, Rom) (Entered: 04/02/2026) |
| 04/17/2026 | 35 | NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to Complaint filed by Defendant Alexandra Marwa Saber. Motion set for hearing on 6/5/2026 at 01:30 PM before Judge Wesley L. Hsu. (Attachments: # 1 Declaration of Benjamin Kassis, # 2 Proposed Order Proposed Order) (Kassis, Benjamin) (Entered: 04/17/2026) |
| 05/01/2026 | 36 | OPPOSITION to NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to Complaint 35 filed by Plaintiff Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 05/01/2026) |
| 05/01/2026 | 37 | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to Complaint 35 filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Declaration)(Bar-Nissim, Rom) (Entered: 05/01/2026) |
| 05/01/2026 | 38 | NOTICE OF LODGING filed re Response in Opposition to Motion 36 , Request for Judicial Notice, 37 (Bar-Nissim, Rom) (Entered: 05/01/2026) |
| 05/08/2026 | 39 | REPLY Support NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to Complaint 35 filed by Defendant Alexandra Marwa Saber. (Kassis, Benjamin) (Entered: 05/08/2026) |
| 05/11/2026 | 40 | STATUS REPORT *PURSUANT TO THE COURT'S MARCH 2, 2026 ORDER [DKT. NO. 29]* filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit)(Bar-Nissim, Rom) (Entered: 05/11/2026) |
| 06/03/2026 | 41 | SCHEDULING NOTICE AND (IN CHAMBERS) ORDER CHANGING THE TIME OF THE MOTION for Judgment on the Pleadings as to Complaint 35 scheduled for 6/05/2026 by Judge Wesley L. Hsu: The Court, on its own motion, changes the time to 2:15 PM. The hearing will proceed in-person at the First Street Courthouse, Courtroom 9B. IT IS SO ORDERED.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cgm) TEXT ONLY ENTRY (Entered: 06/03/2026) |
| 06/05/2026 | 42 | MINUTES OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COMPLAINT 35 Hearing held before Judge Wesley L. Hsu. The Court's Tentative Ruling was issued on June 4, 2026, and reviewed by counsel. The Court |

| | | |
|---|---|---|
| | | heard oral argument. The Court took the matter UNDER SUBMISSION and a ruling will be issued. Court Recorder: CourtSmart. (lom) (Entered: 06/05/2026) |
| 06/06/2026 | 43 | COMPACT DISC Order for date of proceedings 06/05/2026 to 06/05/2026 filed by Plaintiff Ted Entertainment, Inc.. Court will contact Rom Bar-Nissim at Rom@HeahBarNissim.com with any questions regarding this order. Transcript portion requested: Pre-Trial Proceeding: Hearing for Motion for Judgement on the Pleadings on June 5, 2026. FEE PAID. (Bar-Nissim, Rom) (Entered: 06/06/2026) |
| 06/10/2026 | 44 | STATUS REPORT *PURSUANT TO THE COURT'S MARCH 2, 2026 ORDER [DKT. NO. 29]* filed by Plaintiff Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 06/10/2026) |
| 06/29/2026 | 45 | MINUTES (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS 35 by Judge Wesley L. Hsu Granting 35 MOTION: For the foregoing reasons, the Court GRANTS Defendant's Motion for Judgment on the Pleadings. The Court ORDERS Defendant to prepare and submit a proposed Judgment in this matter within seven (7) days of this Order. (see document for further details) (bm) (Entered: 07/01/2026) |
| 07/06/2026 | 46 | STIPULATION for Extension of Time to File Motion for Attorneys' Fees and Costs filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Proposed Order)(Bar-Nissim, Rom) (Entered: 07/06/2026) |
| 07/06/2026 | 47 | NOTICE OF LODGING filed *[Proposed Judgment]* re Order on Motion for Judgment on the Pleadings, 45 (Attachments: # 1 Proposed Judgment)(Kassis, Benjamin) (Entered: 07/06/2026) |
| 07/13/2026 | 48 | ORDER GRANTING JOINT STIPULATION REGARDING DISMISSAL OF THE "COUNTDOWN EPISODE" CLAIM AND DEFERRING DEADLINE FOR MOTION FOR ATTORNEYS' FEES 46 by Judge Wesley L. Hsu. The Court hereby rules as follows: 1. Plaintiff's claim of direct copyright infringement as to the Countdown Episode against Denims is hereby DISMISSED without prejudice, pursuant to FRCP 41(a)(1)(A)(ii); and 2. The deadline for Defendants to file the potential motion for attorneys' fees and costs shall be continued until 30 days after all appeals of this Court's June 29, 2026 order are exhausted. (lom) (Entered: 07/14/2026) |
| 07/13/2026 | 49 | JUDGMENT 45 by Judge Wesley L. Hsu. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows: 1. Judgment is entered in favor of Defendant Alexandra Marwa Saber p/k/a Denims and against Plaintiff Ted Entertainment, Inc. on TEI's First Claim for Relief for Direct Copyright Infringement as to the "The Nuke." 2. Plaintiff TEI shall take nothing on its First Claim for Relief. 3. Denims, as the prevailing party, may recover costs and attorneys' fees incurred in this action by application and motion under 17 U.S.C. § 505, Federal Rule of Civil Procedure 54(d), and the Local Rules of this Court, subject to any forthcoming order of this Court with respect to the timing of the filing of such application and motion. (MD JS-6, Case Terminated). (lom) (Entered: 07/15/2026) |
| 07/13/2026 | 50 | REPORT ON THE DETERMINATION OF AN ACTION Regarding a Copyright. (Closing) (Attachments: # 1 Judgment) (lom) (Entered: 07/15/2026) |
| 08/04/2026 | 51 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Plaintiff Ted Entertainment, Inc.. Appeal of Judgment,,, 49 , Order on Motion for Judgment on the Pleadings, 45 . (Appeal Fee - $605 Fee Paid, Receipt No. ACACDC-42969680.) (Bar-Nissim, Rom) (Entered: 08/04/2026) |

| | | |
|---|---|---|
| 08/06/2026 | 53 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 26-5059 assigned to Notice of Appeal to 9th Circuit Court of Appeals, 51 as to Plaintiff Ted Entertainment, Inc. (iv) (Entered: 08/08/2026) |
| 08/07/2026 | 52 | TRANSCRIPT ORDER re: Court of Appeals case number 26-5059, as to Plaintiff Ted Entertainment, Inc. for Court Smart (CS). Court will contact Rom Bar-Nissim at Rom@HeahBarNissim.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Bar-Nissim, Rom) (Entered: 08/07/2026) |
| 08/19/2026 | 54 | TRANSCRIPT for proceedings held on 6/5/2026 2:05 p.m. Court Reporter/Electronic Court Recorder: JAMS Certified Transcription, phone number (661) 609-4528. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/9/2026. Redacted Transcript Deadline set for 9/21/2026. Release of Transcript Restriction set for 11/17/2026. (ym) (Entered: 08/19/2026) |
| 08/19/2026 | 55 | NOTICE OF FILING TRANSCRIPT filed for proceedings 6/5/2026 2:05 p.m re Transcript 54 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ym) TEXT ONLY ENTRY (Entered: 08/19/2026) |

---

## PACER Service Center

### Transaction Receipt

| 08/19/2026 11:20:45 | | | |
|---|---|---|---|
| **PACER Login:** | rbarnissim | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:25-cv-05564-WLH-PD End date: 8/19/2026 |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing Motion to Dismiss for Mootness or, in the Alternative, a Stay of Proceedings; Declaration of Rom Bar-Nissim with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

DATED: September 15, 2026 By: /s/ Rom Bar-Nissim