**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

IN RE DOE DEFENDANTS,

*Petitioners and Defendants-Movants,*

v.

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

*Respondent,*

TED ENTERTAINMENT, INC.,

*Real Party in Interest and Plaintiff-Respondent.*

**No. 26-3513**

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California

Case No. 3:25-mc-80296-SK
Hon. Sallie Kim

TED ENTERTAINMENT, INC.,

*Plaintiff and Appellee,*

v.

DOE DEFENDANTS,

*Defendants and Appellants.*

**No. 26-3553**

Appeal From Order Denying Motion to Quash Or, in the Alternative, Protective Order Issued April 29, 2026

Northern District of California
Case No. 3:25-mc-80296-SK
Hon. Sallie Kim

# DOE DEFENDANTS' OPPOSITION TO TED ENTERTAINMENT, INC.'S MOTION TO DISMISS FOR MOOTNESS OR, IN THE ALTERNATIVE, A STAY OF PROCEEDINGS

Karl S. Kronenberger
Jeffrey M. Rosenfeld
Leah Rosa Vulić
KRONENBERGER ROSENFELD, LLP
548 Market St. #85399
San Francisco, CA 94104
(415) 955-1155
karl@kr.law
jeff@kr.law
leah@kr.law

*Attorneys for Defendants-Appellants and Petitioners Doe Defendants*

# TABLE OF CONTENTS

INTRODUCTION ....1

RELEVANT BACKGROUND ....3

A. The Subpoenas and the Quash Order ....3

B. Does' Appeals and TEI's First Motion to Dismiss ....4

C. The Denims Order, Judgment, and Merits Appeal ....5

D. TEI's Motion ....5

E. TEI's Use of the Quash Order in the Denims Action ....6

F. Same Does, Same Claim: The *Majed* and *Caviness* Actions....6

ARGUMENT ....7

A. Does' appeal and petition are not moot because TEI is actively seeking reversal of the Denims Order. ....7

B. Even if the appeals were moot, the capable-of-repetition-yet-evading-review exception would apply....10

C. TEI's voluntary conduct produced the posture it calls moot, and TEI swears it will resume that conduct. ....12

D. The Quash Order carries collateral consequences for Does. ....15

E. If the Court dismisses Does' appeals as moot, it should vacate the Quash Order. ....16

F. A stay is unwarranted and would prejudice Does....19

CONCLUSION ........................................................................................................ 21

CERTIFICATE OF COMPLIANCE ...................................................................... 22

CERTIFICATE OF SERVICE ............................................................................ 23

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013)....................................14, 15

*Anderson v. Evans*, 371 F.3d 475 (9th Cir. 2004) ....................................11

*Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997)...............................17

*Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166 (9th Cir. 2002) ...................11

*Brach v. Newsom*, 38 F.4th 6 (9th Cir. 2022) (en banc)...........................13, 14, 18

*Braham v. NCAA*, No. 25-5040, 2026 WL 2653095 (9th Cir. Sept. 9, 2026) ..........................................................................10, 12, 18

*Canatella v. California*, 404 F.3d 1106 (9th Cir. 2005) ..........................................8

*Church of Scientology of Cal. v. United States*, 506 U.S. 9 (1992)..........................8

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) ................................................10

*Deakins v. Monaghan*, 484 U.S. 193 (1988) ....................................................14, 18

*Duke Power Co. v. Greenwood County*, 299 U.S. 259 (1936) ...............................17

*EEOC v. Fed. Express Corp.*, 558 F.3d 842 (9th Cir. 2009)..................................16

*Elrod v. Burns*, 427 U.S. 347 (1976) ......................................................................21

*FBI v. Fikre*, 601 U.S. 234 (2024) ...................................................................12, 15

*Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123 (M.D.N.C. 1990) ............................9

*Forest Guardians v. Johanns*, 450 F.3d 455 (9th Cir. 2006)................................7, 8

*Foster v. Carson*, 347 F.3d 742 (9th Cir. 2003) ......................................................10

*Harter v. Iowa Grain Co.*, No. 98-7108, 1998 WL 796131 (D.C. Cir. Oct. 28, 1998) ..........................................................................9, 18

*Klein v. City of San Clemente*, 584 F.3d 1196 (9th Cir. 2009)................................21

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ............................................................19

*Lee v. Schmidt-Wenzel*, 766 F.2d 1387 (9th Cir. 1985)..........................................12

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979) ............20, 21

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) .......................................19

*NASD Disp. Resol., Inc. v. Jud. Council of Cal.*, 488 F.3d 1065 (9th Cir. 2007) ..........................................................................................17, 18, 19

*Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241 (9th Cir. 1988) ................................7

*Pub. Utils. Comm'n v. FERC*, 100 F.3d 1451 (9th Cir. 1996) ....................15, 17, 18

*Rafter v. Carrier Corp.*, 309 F. Supp. 517 (S.D.N.Y. 1969) .....................................9

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006) ...........................................................................................................1

*Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281 (9th Cir. 2013) .........................................................................................................11

*Smith v. Helzer*, 95 F.4th 1207 (9th Cir. 2024)........................................................10

*Spencer v. Kemna*, 523 U.S. 1 (1998).....................................................................16

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994)....................17

*United States v. Krane*, 625 F.3d 568 (9th Cir. 2010) .........................................9, 18

*United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950) .................................17, 18

*United States v. Zolin*, 491 U.S. 554 (1989) ..............................................................9

*W. Ben. Sols., LLC v. Gustin*, No. 1:11-cv-00099-EJL, 2012 WL 4417190 (D. Idaho Sept. 24, 2012)..................................................................9

*Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852 (9th Cir. 2022) ..........................................................................................11, 12, 20

*Wilson v. City of San Jose*, 111 F.3d 688 (9th Cir. 1997) .......................................15

**Rules** **Page(s)**

Fed. R. Civ. P. 41(a)(1)(A)(i) ........................................................................7

Fed. R. Civ. P. 41(a)(1)(A)(ii) ......................................................................13

Fed. R. Evid. 201(b)..........................................................................................1

Defendants-Appellants and Petitioners Doe Defendants ("Does") oppose the motion of Plaintiff-Appellee and Real Party in Interest Ted Entertainment, Inc. ("TEI") to dismiss for mootness or, in the alternative, to stay these proceedings ("Motion").

## INTRODUCTION

Does are anonymous online speakers whom TEI sued for contributory copyright infringement over Reddit discussion threads linking to a reaction stream of TEI's videos. Does' appeal and mandamus petition challenge the order refusing to quash TEI's subpoenas to Reddit and Discord for their identities. TEI now says these proceedings are moot because the CDCA entered judgment for the only served defendant in that case on TEI's own stipulation, a judgment TEI is appealing so it can resume pursuing Does.

TEI's position leaves Does with no path to this Court. Before the Judgment, TEI argued the Quash Order was not final because it "did not end the Underlying Action." [D.E. 11.1 at 9.][1] As late as August 17, five weeks after the Judgment and

---

[1] Does request judicial notice of the district court filings and dockets cited in this opposition. *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

"Saber D.E.," "Majed D.E.," and "Caviness D.E." refer to the dockets in *Ted Entertainment, Inc. v. Saber*, No. 2:25-cv-05564-WLH-PD (C.D. Cal.); *Ted Entertainment, Inc. v. Majed*, No. 2:25-cv-05565-JFW-MAA (C.D. Cal.); and *Ted Entertainment, Inc. v. Caviness*, No. 4:25-cv-00459-BCW (W.D. Mo.). Pin cites to

two weeks after appealing it, TEI told this Court the merits "will, out of necessity, be decided in the Central District action." [D.E. 17.1 at 9.] Now TEI says the CDCA "closed the case" and these appeals are moot. [D.E. 19.1 at 1.] And TEI decides when each case ends: the Judgment entered on TEI's own stipulation. [Saber D.E. 46, 49.]

TEI's own filings defeat its Motion. TEI has not withdrawn the Subpoenas; it holds them "in abeyance." (RBN Decl. ¶3.) It is appealing the Judgment it says moots these appeals, and it swears that if it wins, it "will proceed with its claims against the Doe defendants" and, "[i]f needs be," issue new subpoenas to Reddit and Discord. (RBN Decl. ¶5.) It has already used the Quash Order in two actions naming Does. [Saber D.E. 36 at 7, 19; Majed D.E. 19-1 at 8.] And fifteen days after filing this Motion, it dismissed Does from *Caviness*, without prejudice. [Caviness D.E. 28.] TEI is not walking away from Does. It is waiting, with the Quash Order in hand. Once Reddit or Discord produces Does' identities, no appeal can make Does anonymous again.

The Court should deny the Motion because (1) TEI's own appeal keeps this

---

those dockets are to the ECF-stamped page numbers. Unlabeled "D.E." citations are to No. 26-3553, and pin cites to filings in this Court are to each filing's internal page numbers. "RBN Decl." refers to the Declaration of Rom Bar-Nissim filed with the Motion [D.E. 19.1]; other Bar-Nissim declarations are cited by docket entry. "Vulić Decl." refers to the accompanying Declaration of Leah Rosa Vulić.

controversy alive; (2) the controversy is capable of repetition yet evading review; (3) TEI's voluntary conduct produced the posture it says moots the appeals; (4) the Quash Order carries collateral consequences TEI is already exploiting; and (5) TEI identifies no hardship that could justify a stay. At a minimum, as with TEI's first motion, the Court should deny the Motion without prejudice to TEI raising mootness in its answering brief. [D.E. 18.1.][2] And if the Court finds the appeals moot, it should vacate the Quash Order, not leave it standing for the next round, which TEI says will come only after Does "lose another motion to quash." [D.E. 19.1 at 1.]

## RELEVANT BACKGROUND

### A. The Subpoenas and the Quash Order

On June 19, 2025, TEI sued Alexandra Marwa Saber p/k/a Denims ("Denims") for direct copyright infringement, and Does for contributory infringement based on Reddit discussion megathreads linking to Denims' reaction stream of two TEI videos ("Denims Action"). [D.E. 11.1, Ex. 1 ¶¶82-87.] On July 31, 2025, on a stipulation between TEI and Denims, the Central District of

---

[2] TEI filed the same motion in No. 26-3513 but asks only to dismiss "the present appeal." [No. 26-3513, D.E. 22.1 at 1, 11.] It never asks to dismiss the Petition, which has been fully briefed since July 29, 2026. [No. 26-3513, D.E. 15.1; *id.*, D.E. 18.1.] The Petition is not moot for the same reasons the appeal is not.

California ("CDCA") authorized TEI to subpoena Reddit, Inc. and Discord, Inc. for Does' identifying information ("Subpoenas"). [Saber D.E. 17, 18; D.E. 11.1, Exs. 4-5.] On September 22, 2025, Does moved to quash the Subpoenas in the Northern District of California. [D.E. 11.1, Ex. 6; D.E. 14.2 ¶7.]

On March 2, 2026, on TEI and Denims' joint stipulation, the CDCA stayed the Denims Action "pending final resolution" of Does' motion; TEI and Denims were to report on it through exhaustion of appeals. [Saber D.E. 28, 29 ¶¶2, 4.] (Vulić Decl. ¶3 & Ex. 27.) On March 30, the CDCA lifted the stay only "for the limited purpose" of Denims' motion for partial judgment on the pleadings (as to one video). [Saber D.E. 32 ¶2.]

On April 29, 2026, Magistrate Judge Kim denied Does' motion ("Quash Order"), declining to reach fair use "because that issue will be litigated fully in another forum." [D.E. 11.1, Ex. 7 at 8:15-22.] TEI then agreed to hold enforcement of the Subpoenas in abeyance, and Reddit and Discord have produced nothing. [D.E. 14.2 ¶24.] (RBN Decl. ¶3.)

**B. Does' Appeals and TEI's First Motion to Dismiss**

On May 29, 2026, Does noticed this appeal and petitioned for a writ of mandamus. [D.E. 14.2 ¶11 & Exs. 14-15.] On July 3, TEI moved to dismiss the appeal, arguing the Quash Order was not final because it "did not end the Underlying Action," where the merits "shall ultimately be decided." [D.E. 11.1 at

9.] On August 25, the Court denied TEI's motion without prejudice and ordered the appeal and petition calendared together. [D.E. 18.1.]

**C. The Denims Order, Judgment, and Merits Appeal**

On June 29, 2026, the CDCA granted Denims' motion, holding her use of *Content Nuke: Hasan Piker* fair as a matter of law ("Denims Order"). [Saber D.E. 45; D.E. 14.2 ¶13 & Ex. 17.] On July 6, three days after TEI filed its first motion to dismiss, TEI and Denims stipulated to dismiss TEI's claim against Denims as to the second video without prejudice. [Saber D.E. 46 at 2-3; D.E. 14.2, Ex. 20.] The stipulation recites that "TEI intends to file a notice of appeal of the Order." [Saber D.E. 46 at 2.] It left TEI's claim against Does untouched. [*Id.* at 2-3.] On July 13, the court entered an order on the stipulation and a judgment for Denims ("Judgment"), and the clerk entered a JS-6 designation. [Saber D.E. 48, 49; D.E. 14.2, Exs. 20-21.] (RBN Decl. ¶4 & Exs. 1-3.)[3]

On August 4, TEI appealed the Judgment ("Merits Appeal"). [No. 26-5059.] Denims has moved to dismiss the Merits Appeal. [No. 26-5059, D.E. 11.1.]

**D. TEI's Motion**

On September 15, 2026, TEI moved to dismiss this appeal as moot or, alternatively, to stay it pending the Merits Appeal. [D.E. 19.1.] TEI does not ask

---

[3] The contributory claim against Does has never been adjudicated. [Saber D.E. 49.]

the Court to vacate the Quash Order. [*See id.* at 11.] TEI's counsel declares that TEI has never obtained Does' identities and has "held enforcement of the Subpoenas in abeyance." (RBN Decl. ¶3.) He says TEI "is unable to pursue discovery or its claims against the Doe defendants" for now. (*Id.* ¶4(e).) But if the Judgment is reversed, TEI "will proceed with its claims against the Doe defendants," and "[i]f needs be, TEI will issue new subpoenas" to Reddit and Discord. (*Id.* ¶5.)

**E. TEI's Use of the Quash Order in the Denims Action**

TEI relied on the Quash Order to oppose Denims' fair use motion. TEI told the court that Judge Kim "agreed" with its market substitution theory, and that "[t]he findings of the 4/29/26 Order reinforce that Denims' purpose was to deprive TEI of views." [Saber D.E. 36 at 7, 19.] (Vulić Decl. ¶4 & Ex. 28.) TEI asked the court to take judicial notice of the Order, and the court did. [Saber D.E. 37, RJN ¶8, Ex. 9; Saber D.E. 45 at 6.] (Vulić Decl. ¶5 & Ex. 29.)

**F. Same Does, Same Claim: The *Majed* and *Caviness* Actions**

On the same day it sued Denims, TEI filed two nearly identical actions naming the same Does on the same contributory theory: the *Majed* and *Caviness* Actions. [D.E. 11.1, Exs. 2-3.] In December 2025, TEI and *Caviness* stipulated to dismiss Caviness only, without prejudice; Does remained Defendants. [Caviness D.E. 26, 27; D.E. 14.2 ¶21.] (Vulić Decl. ¶10 & Exs. 34-35.)

In Majed, TEI applied for default judgment on June 30, 2026, quoting the Quash Order's discussion of "hatewatching." [Majed D.E. 19-1 at 8; D.E. 14.2, Ex. 26.] After the court issued and refused to discharge an order to show cause for TEI's failure to identify the Denims Action as related, TEI voluntarily dismissed the entire Majed Action, including Does, without prejudice. [Majed D.E. 38-42.] (Vulić Decl. ¶8 & Ex. 32.)

On September 30, 2026, more than nine months after the Caviness settlement and fifteen days after filing the Motion, TEI dismissed Does from Caviness, without prejudice, by notice under Rule 41(a)(1)(A)(i). [Caviness D.E. 28.] Nothing had been filed in that case between the December order and TEI's notice. [Caviness D.E. 27-29.] (Vulić Decl. ¶¶11-12 & Exs. 36-37.) TEI has not dismissed Does with prejudice from any action. [Saber D.E. 49; Majed D.E. 42; Caviness D.E. 28, 29.]

## ARGUMENT

### A. Does' appeal and petition are not moot because TEI is actively seeking reversal of the Denims Order.

The party asserting mootness bears a "heavy" burden. *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006) (quoting *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)). TEI must establish "that there is no effective relief that the court can provide." *Forest Guardians*, 450 F.3d at 461. A

case "is not moot where any effective relief may be granted." *Id.* A "partial remedy" suffices. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992).

Here, quashing the Subpoenas is that relief, and TEI's own filings prove it remains available. TEI tells this Court that if the Judgment is reversed, it "will continue to pursue the subpoenas seeking the Doe defendants' personal identifying information." [D.E. 19.1 at 2.] (*See also* RBN Decl. ¶5.) It holds the Subpoenas "in abeyance." (RBN Decl. ¶3.) But a party holds in abeyance only what it could otherwise enforce. TEI says it cannot pursue discovery *for now*, yet it has not withdrawn the Subpoenas. (*Id.* ¶¶3, 4(e).) And "[i]f needs be, TEI will issue new subpoenas." (*Id.* ¶5.) TEI does not just fail to carry its burden; it disproves its own Motion.

TEI's own appeal keeps the controversy alive. In *Canatella*, dismissal of the underlying action did not moot an appeal from the denial of intervention, because the plaintiff had "kept the underlying action alive by filing a notice of appeal." *Canatella v. California*, 404 F.3d 1106, 1109 n.1 (9th Cir. 2005). TEI did exactly that. It asks this Court to reverse the Denims Order. [No. 26-5059.] It swears that if it wins, it "will proceed with its claims against the Doe defendants," including through new subpoenas. (RBN Decl. ¶5.) Yet TEI's mootness argument never mentions its own appeal. [D.E. 19.1 at 5-7.]

TEI's cases do not help it. In each, there was "no pending proceeding in which the discovery can be used." *Harter v. Iowa Grain Co.*, No. 98-7108, 1998 WL 796131, at *1 (D.C. Cir. Oct. 28, 1998) (merits had been decided); *see United States v. Krane*, 625 F.3d 568, 573 (9th Cir. 2010) (guilty plea entered and trial vacated); *W. Ben. Sols., LLC v. Gustin*, No. 1:11-cv-00099-EJL, 2012 WL 4417190, at *2-3 (D. Idaho Sept. 24, 2012) (case had settled); *Rafter v. Carrier Corp.*, 309 F. Supp. 517, 518 (S.D.N.Y. 1969) (record had closed); *see also Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990).

*Zolin* draws the line. There, respondents argued the summons dispute was moot because the taxpayer had died and the IRS audit had been terminated as a "'closed case.'" *United States v. Zolin*, 491 U.S. 554, 557 n.3 (1989). The IRS responded that the civil audit could still affect the estate's liability, and the Court was "satisfied that a live controversy remains." *Id.* Far more survives here: TEI seeks reversal of the Judgment and swears it will then proceed against Does. (RBN Decl. ¶5.)

TEI's theory fares no better if the Merits Appeal is dismissed. On Denims' account, the Denims Action then goes on, with TEI's claim against Does pending and the Subpoenas outstanding. [No. 26-5059 D.E. 11.1; *id.*, D.E. 13.1 at 10.] Either way, a proceeding remains in which the Subpoenas can be used. Put differently, TEI asks this Court to treat as over a case TEI is fighting to continue.

TEI also leans on the JS-6 entry. But TEI itself calls JS-6 "a statistical code." [D.E. 19.1 at 4.] (RBN Decl. Exs. 1-3.) A statistical code does not end a controversy. Thus, TEI has not carried its burden, and the appeal is not moot.

### B. Even if the appeals were moot, the capable-of-repetition-yet-evading-review exception would apply.

The capable-of-repetition-yet-evading-review exception applies where "(1) the challenged action is too short in duration to be fully litigated before cessation or expiration, *and* (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Braham v. NCAA*, No. 25-5040, 2026 WL 2653095, at *2 (9th Cir. Sept. 9, 2026) (quoting *Foster v. Carson*, 347 F.3d 742, 746 (9th Cir. 2003)). The party opposing mootness must "make a reasonable showing that he will again be subjected to the [challenged action]." *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). The exception is reserved for "exceptional situations." *Id.* (quoting *Lyons*, 461 U.S. at 109). This is one.[4]

First, the controversy evades review because TEI controls the clock. The

---

[4] This Court applied the exception in TEI's own authority. *Smith v. Helzer*, 95 F.4th 1207, 1213 (9th Cir. 2024) ("Assuming that this appeal would otherwise be moot, we conclude that the capable-of-repetition-yet-evading-review exception applies."). [*See* D.E. 19.1 at 8.]

Judgment TEI now relies on for mootness was entered on TEI's own stipulation, eleven weeks after the Quash Order issued. [Saber D.E. 46, 49; D.E. 19.1 at 1-2.] This Court has held that even six months is too short, because a challenge is "fully litigated" only after review "by this Court and the Supreme Court." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 858 (9th Cir. 2022) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1287 (9th Cir. 2013)). Eleven weeks is far shorter. And the exception applies with particular force where the duration of the controversy is within the control of the party seeking mootness. *See Anderson v. Evans*, 371 F.3d 475, 479 (9th Cir. 2004) (citing *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1174 (9th Cir. 2002)). Here, TEI has set the duration at every step: (1) stipulating to the dismissal that produced the Judgment; (2) dismissing Does from *Majed* without prejudice; and (3) dismissing Does from *Caviness*, without prejudice, fifteen days after filing the Motion. [Saber D.E. 46, 48, 49; Majed D.E. 42; Caviness D.E. 28.]

TEI's answer is that Does can come back later, after they "lose another motion to quash," or seek mandamus again. [D.E. 19.1 at 1, 8.] That is the problem, not the answer. While a case runs, TEI says the Order is not final. [D.E. 11.1 at 9.] After the Denims Judgment, TEI says the appeal is moot. [D.E. 19.1 at 1.] Under TEI's logic, Does would never reach this Court, no matter how many rounds TEI starts. Yet TEI swears it will start another. (RBN Decl. ¶5.)

Second, TEI has sworn the controversy will recur. The inquiry is party-specific: there must be "a reason to expect that there will be future litigation of the same issue between a present complaining party and a present defending party." *Braham*, 2026 WL 2653095, at *2 (emphasis omitted) (quoting *Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1390 (9th Cir. 1985)). Here, TEI swears to exactly that: same plaintiff, same Does, same providers, same information. (RBN Decl. ¶5.) [D.E. 19.1 at 8.] That is what *Braham* lacked. There, the plaintiffs' college football careers were over, so nothing could recur between those parties. *See Braham*, 2026 WL 2653095, at *2. Does' exposure is not over. And a renewed request "in this case or in a similar case" counts as recurrence. *Id.* at *4 (discussing *Where Do We Go Berkeley*, 32 F.4th at 858-59).

The harm, finally, is disclosure. Once Reddit or Discord produces Does' identities, that bell cannot be unrung; review after disclosure is no review at all.

### C. TEI's voluntary conduct produced the posture it calls moot, and TEI swears it will resume that conduct.

A party may not "automatically moot a case by the simple expedient of suspending its challenged conduct after it is sued." *FBI v. Fikre*, 601 U.S. 234, 241 (2024) (internal quotation marks omitted). Its voluntary cessation moots a case "only if the defendant can show that the practice cannot 'reasonably be expected to recur.'" *Id.* (internal quotation marks omitted). In other words, TEI must show its

pursuit of Does will not resume. TEI swears the opposite. (RBN Decl. ¶5.)

TEI argues that "[i]t is not TEI's conduct" that produced any mootness. [D.E. 19.1 at 1.] Not so. A stipulated dismissal is the parties' own act. Fed. R. Civ. P. 41(a)(1)(A)(ii). On July 3, TEI told this Court the Quash Order was not final because it "did not end the Underlying Action." [D.E. 11.1 at 9.] Three days later, TEI stipulated to dismiss its remaining claim against Denims, stating it "intends to file a notice of appeal," and left its claim against Does untouched. [Saber D.E. 46 at 2-3.] That stipulation produced the Judgment on which TEI now rests its Motion. [Saber D.E. 48, 49.] Put differently, TEI built the Judgment it now says moots this appeal, and is using it to keep Does from being heard.

The Judgment cannot carry TEI's argument, whether or not it is final. If it is not final, the Denims Action never ended. If it is final, TEI is appealing it so it can resume pursuing Does. (RBN Decl. ¶5.) Denims, the only defendant who has appeared in the Denims Action, argues the former: that the stipulated dismissal took effect on filing, so the later order merely "restates the dismissal . . . that was already effected by the parties," and that TEI's claim against Does "is still live." [No. 26-5059 D.E. 11.1 at 16-17; *id.*, D.E. 13.1 at 9-10 & n.6.] Does take no position on that question. They need not.

TEI's own case shows the difference. In *Brach*, the State "did not rescind its school closure orders in response to the litigation"; the orders "expired by their

own terms"; and California "renounced any intention" of closing schools again. *Brach v. Newsom*, 38 F.4th 6, 12, 15 (9th Cir. 2022) (en banc). TEI is the reverse on every point. TEI's dismissals (without prejudice) were its own acts, and the latest came after it filed the Motion. [Caviness D.E. 28.] Nothing expired on its own; TEI holds the Subpoenas in abeyance "[t]o avoid unnecessary litigation," and it can end that choice whenever it likes. [D.E. 19.1 at 3.] (RBN Decl. ¶3.) And far from renouncing its pursuit of Does, TEI swears it will resume. (*Id.* ¶5.)

If TEI meant to end this controversy, it knows how. Nike carried its "formidable burden" only with a covenant not to sue that was "unconditional and irrevocable." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91-93 (2013). Nothing short of a covenant like Nike's would end this controversy; TEI has given Does none. And TEI has shown it can end a claim when it wants to: in the Merits Appeal, it offered to dismiss its remaining claim against Denims with prejudice. [No. 26-5059 D.E. 12.1 at 20.] It has made no such offer to Does. Moreover, TEI has already contemplated other claims, offering to "make another *prima facie* claim before any other lawsuit or claim against [Does] can proceed." [No. 26-3513 D.E. 15.1 at 41-42.]

*Deakins* draws the same line. There, the Supreme Court distinguished a party that stops its conduct "without losing the ability to reinitiate the conduct once the mooted case is dismissed." *Deakins v. Monaghan*, 484 U.S. 193, 200 n.4

(1988). TEI is that party. (RBN Decl. ¶5.)

Indeed, TEI is now manufacturing mootness. TEI settled with Caviness in December 2025 and kept its claim against Does in *Caviness* for more than nine months. [Caviness D.E. 26, 27.] In August, Does pointed this Court to that open claim. [D.E. 14.2 ¶21.] Fifteen days after asking this Court to dismiss these appeals as moot, TEI dismissed Does from *Caviness*, without prejudice. [Caviness D.E. 28; D.E. 19.1.] No order or filing in *Caviness* prompted it. [Caviness D.E. 27-29.] TEI's Motion did. That is cessation "because of the litigation." *Pub. Utils. Comm'n v. FERC*, 100 F.3d 1451, 1460 (9th Cir. 1996) ("*PUC*"). The question is whether TEI is "free to return to its [challenged conduct] at any time." *Id.* It is. Further, the dismissal leaves TEI free "to commence another action for the same cause against the same defendants." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).

In other words, the dismissals change nothing but the docket. That is the strategy the doctrine forbids: to "suspend [the] challenged conduct after being sued, win dismissal, and later pick up where it left off." *Fikre*, 601 U.S. at 241. A court's authority "cannot be so readily manipulated." *Id.* Thus, TEI has not carried its "formidable burden." *Already*, 568 U.S. at 91.

**D. The Quash Order carries collateral consequences for Does.**

A subpoena appeal is not moot where "a 'collateral' injury survives that can

be remedied by this court even though the primary injury may have been resolved." *EEOC v. Fed. Express Corp.*, 558 F.3d 842, 847 (9th Cir. 2009). In *FedEx*, without a decision, the EEOC's authority "would remain contested," so a collateral injury survived. *Id.* Even under the doctrine's original, strictest form, consequences "that had in fact occurred" or "were imminently threatened" sufficed. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998).

Here, the consequences have already occurred. TEI has used the Quash Order in every action where it has sought relief since it issued. In the Denims Action, TEI relied on it for market substitution and asked the court to take judicial notice of it, and the court did. [Saber D.E. 36 at 7, 19; Saber D.E. 45 at 6.] In *Majed*, TEI quoted it in its default judgment application. [Majed D.E. 19-1 at 8.] More is imminently threatened. TEI swears it will subpoena Does again, and says Does must "lose another motion to quash" before obtaining appellate relief. (RBN Decl. ¶5.) [D.E. 19.1 at 1, 8.] TEI's own pattern shows where the Quash Order will be used next: against Does, in that next motion to quash.

These are legal consequences, not stigma. TEI cites the Order as a judicial finding about Does' own conduct, in actions naming Does as defendants. [Majed D.E. 19-1 at 8.] A court has already judicially noticed it. [Saber D.E. 45 at 6.] Thus, the Quash Order still has legal effect, and TEI is using it.

**E. If the Court dismisses Does' appeals as moot, it should vacate the Quash**

**Order.**

When a civil case becomes moot pending appeal, the established practice is "to reverse or vacate the judgment below and remand with a direction to dismiss," which "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950). Vacatur is not new relief; it is "the duty of the appellate court." *Id.* at 40 (quoting *Duke Power Co. v. Greenwood County*, 299 U.S. 259, 267 (1936)). In this Circuit, vacatur is generally "automatic." *NASD Disp. Resol., Inc. v. Jud. Council of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) (quoting *PUC*, 100 F.3d at 1461). The exceptions apply only where "the party seeking appellate relief fails to protect itself or is the cause of subsequent mootness." *Id.* at 1069 (emphasis omitted) (quoting *PUC*, 100 F.3d at 1461). Where the appellant did neither, "[t]his rule requires us to vacate the district court's judgment." *Id.* at 1070.

Here, Does did neither. They moved to quash, then timely appealed and petitioned for mandamus. [D.E. 14.2 ¶¶7, 11.] Vacatur is warranted where mootness results from happenstance or from the "unilateral action of the party who prevailed in the lower court." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71-72 (1997) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994)). TEI prevailed below, so vacatur follows either way. If the

Judgment mooted this appeal, that was happenstance as to Does. If TEI's stipulation and dismissals did, that was the prevailing party's unilateral action. *See supra* Section C.

TEI's own cases ordered vacatur. In *Krane*, this Court held that "we must dismiss this appeal as moot and instruct the district court to vacate its order directing compliance with the subpoena." 625 F.3d at 574. *See also Harter*, 1998 WL 796131, at *1; *Brach*, 38 F.4th at 15 (remanding "with instructions for the district court to vacate its judgment"); *PUC*, 100 F.3d at 1461 (permitting vacatur where the prevailing party caused mootness). This Court did the same last month. *Braham*, 2026 WL 2653095, at *4 (dismissing as moot and vacating the district courts' orders under *Munsingwear* (citing *NASD*, 488 F.3d at 1068)). Importantly, vacatur "strips the decision below of its binding effect." *Deakins*, 484 U.S. at 200.

TEI asks for *Krane*'s dismissal without *Krane*'s vacatur. That is the actual purpose of TEI's Motion: dismissal, plus a standing Quash Order for the next round. [D.E. 19.1 at 7-8, 11.] TEI offers no legitimate reason to keep the Order. It tells the Merits Appeal panel it "can no longer pursue" the Subpoenas. [No. 26-5059 D.E. 12.1 at 14 n.2.] If so, the Order's only remaining use to TEI is as authority, and TEI has already used it that way twice. [Saber D.E. 36 at 7, 19; Majed D.E. 19-1 at 8.] A vacated order keeps only persuasive weight: "all the weight a district court opinion carries anyway, outside of future litigation involving

the same parties and their privies." *NASD*, 488 F.3d at 1069. TEI swears the next litigation will involve TEI and Does. (RBN Decl. ¶5.) Accordingly, if the Court finds the appeals moot, it should vacate the Quash Order in both No. 26-3553 and No. 26-3513, because the same order is under review in both.

**F. A stay is unwarranted and would prejudice Does.**

The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* That is what TEI asks. And a stay lasting "until the determination by this court of any appeal" in another case exceeded "the limits of a fair discretion." *Id.* at 256.

Here, TEI identifies no hardship. Being required to defend, "without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

Moreover, TEI's preferred sequence changes with its interests. In March, it stipulated to stay its own case against Denims "pending final resolution" of Does' motion to quash. [Saber D.E. 28, 29 ¶¶2, 4(d)-(i).] In July, TEI wanted Does' identities before the merits. [D.E. 11.1 at 9.] Now it wants the merits first, with

review of the order that would disclose those identities stayed until then. [D.E. 19.1 at 9-11.] The sequence changes; the goal does not. A stay here "would essentially facilitate the dispute's ability to recur and evade review." *Where Do We Go Berkeley*, 32 F.4th at 859.

A stay would also prejudice Does in three ways. First, Does would wait on an appeal in which they have not appeared. TEI says the Merits Appeal "will clarify whether there is direct underlying infringement" that is "a predicate for" its claims against Does. [D.E. 19.1 at 10.] In other words, questions that govern TEI's claim against Does would be decided without them. And by TEI's own account, the Merits Appeal reaches the predicate for only "one of the contributory infringement claims"; on the other, it is at most "instructive." [*Id.*]

Second, review of an order that would unmask anonymous speakers would wait on an appeal with no end date. A stay "should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). The Merits Appeal is not briefed, and Denims' motion to dismiss it is pending. [No. 26-5059 D.E. 13.1.]

Third, the Quash Order keeps working for TEI, as it already has twice. *See supra* Section D. The Subpoenas are restrained only by TEI's choice to hold them "in abeyance," a choice TEI says ends the moment the Merits Appeal goes its way.

(RBN Decl. ¶¶3, 5.) And "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

If the Court grants any stay, it should condition it: TEI may neither enforce the Subpoenas nor issue new ones while the stay is in effect, and Does' request for vacatur is preserved. *See Leyva*, 593 F.2d at 864 (noting that a court may consider conditioning any stay "upon receipt of satisfactory assurances"). Thus, the Court should deny the stay.

## CONCLUSION

The Court should deny TEI's Motion. At a minimum, the Court should deny the Motion without prejudice to TEI raising mootness in its answering brief, as it did with TEI's first motion. [D.E. 18.1.] Alternatively, if the Court concludes the appeals are moot, it should vacate the Quash Order in both No. 26-3553 and No. 26-3513.

DATED: October 12, 2026

**KRONENBERGER ROSENFELD LLP**

s/ Leah Rosa Vulić
Karl S. Kronenberger
Jeffrey M. Rosenfeld
Leah Rosa Vulić

*Attorneys for Defendants-Appellants and Petitioners Doe Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure ("FRAP") 32(g)(1), counsel certifies that this Opposition to Motion to Dismiss for Mootness or, in the Alternative, a Stay of Proceedings complies with the length limits of FRAP 27(d)(2)(A) and Ninth Circuit Rules ("9th Cir. R.") 27-1(1)(d) and 32-3(2) because it contains 5,170 words, excluding the items exempted by FRAP 27(a)(2)(B) and 32(f).

This Opposition complies with the format, typeface, and type-style requirements of FRAP 27(d)(1)(D)-(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

DATED: October 12, 2026

By: s/ Leah Rosa Vulić
Leah Rosa Vulić

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing Doe Defendants' Opposition to Motion to Dismiss for Mootness or, in the Alternative, a Stay of Proceedings and accompanying Declaration in Case Nos. 26-3553 and 26-3513 with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

I further certify that all participants in these cases who are registered ACMS users will be served by the appellate electronic filing system.

DATED: October 12, 2026 By: s/ Leah Rosa Vulić
Leah Rosa Vulić